**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AURORA ELEZI, on behalf of Adam Elezi, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 25-1062 <br><br> D.C. No. <br> 2:24-cv-00509-CDS-BNW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted June 30, 2026[**]

Before: LEE, BUMATAY, and SANCHEZ, Circuit Judges.

Plaintiff Adam Elezi appeals the district court's order remanding this case

for further proceedings before the Social Security Administration ("SSA") and its

denial of Plaintiff's request for monetary damages. We review the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

remand order for abuse of discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion when it remanded this case to the Administrative Law Judge ("ALJ"). All parties agree that the ALJ erred when it failed to meaningfully discuss the application of Social Security Ruling ("SSR") 91-5p to Elezi's case. Therefore, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). The district court acted within its discretion when it declined to reopen Elezi's prior applications and direct an award of benefits. Further factual development may help determine whether Elezi's mental condition prevented him from seeking review of his prior applications, such that SSR 91-5p warrants reopening. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("[W]e generally remand for an award of benefits only in 'rare circumstances' 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.'" (citations omitted)).

2. The district court properly denied Elezi's request to impose money damages on the SSA because the district court lacks the power to do so. *See* 42 U.S.C. § 405(g) (authorizing the district court only "to enter, upon the pleadings

and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); *id.* § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."); *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (holding that the "improper denial of Social Security disability benefits" does not "give rise to a cause of action for money damages").

**AFFIRMED.**